**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

**OCALA DIVISION**

**CASE NO.:**

MICHAEL PORTER,

Plaintiff,

vs.

POPE'S PRECISION PROJECTS, INC., and THOMAS POPE,

5:16-cv-588-Oc-39.PRL

Defendants.

_______________________________________/

**COMPLAINT**
*{Jury Trial Demanded}*

Plaintiff, MICHAEL PORTER, for his Complaint against POPE'S PRECISION PROJECTS, INC., and THOMAS POPE states and alleges as follows:

**SUMMARY**

1. POPE'S PRECISION PROJECTS, INC. and THOMAS POPE (hereinafter "Defendants") required and/or permitted MICHAEL PORTER (hereinafter "Plaintiff") to work in excess of forty hours per week but refused to compensate him properly for such hours.

2. Defendants' conduct is in violation of the Fair Labor Standards Act (FLSA), which requires employers to compensate non-exempt employees for their overtime work. See, 29 U.S.C. § 207(a).

3. Plaintiff, MICHAEL PORTER, is a FLSA non-exempt worker who was not fully compensated for the overtime hours he worked, as required by law, for which he now seeks recovery.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in the Middle District of Florida because Defendants engage in business here.

**THE PARTIES**

6. Plaintiff, MICHAEL PORTER, is a resident of Okahumpka, Florida.

7. Defendant, POPE'S PRECISION PROJECTS, INC., is a domestic corporation operating in Grand Island, Florida. Service of process may be had on Defendant's registered agent, Thomas Pope, at 37153 County Road 452, Grand Island, Florida, 32735.

8. Defendant, THOMAS POPE, is a resident of Grand Island, Florida. Service of process may be had on Defendant at 37153 County Road 452, Grand Island, Florida, 32735.

**Coverage**

9. At all times material hereto, Defendant, POPE'S PRECISION PROJECTS, INC., was engaged in commerce in the painting and construction business, and as part of its operations, caused its employees, inlcuding Plaintiff, to handle materials and further utilized equipment, tools and that were manufactured in other states and had moved in interstate commerce.

10. Defendant, THOMAS POPE, was the managing agent of Defendant, POPE'S PRECISION PROJECTS, INC.; said Defendant acted and acts directly in the interests of the Defendant, POPE'S PRECISION PROJECTS, INC, Defendant, THOMAS POPE, effectively dominated POPE'S PRECISION PROJECTS, INC, administratively, or otherwise acts, or has the power to act, on behalf of the corporation vis-à-vis its employees and had the authority to

direct and control the work of others. Therefore, Defendant, THOMAS POPE, was an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

11. Defendants acted, either directly or indirectly, in the interest of an employer with respect to the Plaintiff.

12. Accordingly, Defendants are both a covered "enterprise" and an "employer" under the FLSA.

13. Defendants have had, and continue to have, an annual gross income of sales made or business done of not less than $500,000.

## FACTUAL ALLEGATIONS

14. Defendants are a painting and construction company operating in Grand Island, Florida.

15. Defendants employed Plaintiff, MICHAEL PORTER, as a painter's helper from on or about November 14, 2015, through on or about August 15, 2016.

16. Defendants compensated Plaintiff an hourly rate of $12.00 per hour.

17. Plaintiff worked an average of 48 hours per week throughout his employment.

18. Defendants failed to compensate Plaintiff his time and a half premiums for hours worked over forty in a workweek.

19. Plaintiff was compensated on a weekly basis and worked 40 hours Monday through Friday, and an additional 8 hours on the weekends. Plaintiff was only compensated a straight-time rate for the additional 8 hours he worked each week on the weekends.

20. Due to Defendants' conduct, Plaintiff is approximately owed the following amount of damages: 39 weeks worked x $12.00 per hour x 0.5 x 8 hours of overtime per week x 2 (liquidated damages) = $3,744.00.

**COUNT I**
**VIOLATION OF FAIR LABOR AND STANDARD ACT ("FLSA")**
**ALL DEFENDANTS**

21. Plaintiff reavers and realleges paragraphs 1-20 herein.

22. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that Plaintiff is entitled to: (i) overtime pay, and (ii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

23. Plaintiff seeks recovery of damages as referenced above and further seeks costs, and attorney's fees pursuant to 29 U.S.C. § 216(b).

**PRAYER**

WHEREFORE, Plaintiff respectfully requests judgment be entered in his favor awarding him:

A. overtime compensation for all unpaid hours worked in excess of forty hours at the rate of one and one half times his regular rate;

B. an equal amount as liquidated damages as allowed under the FLSA;

C. damages accrued for a three year period;

D. reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA;

E. pre-judgment and post judgment interest at the highest rates allowed by law; and such other relief as to which Plaintiff may be entitled.

Respectfully submitted,

**GOLDBERG & LOREN, P.A.**
100 S. Pine Island Road
Suite 132
Plantation, FL 33324
Phone: (954)585-4878
Facsimile: (954)585-4886
E-Mail: JLoren@goldbergloren.com

James M. Loren, Esquire
Bar No.: 55409