UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MICHAEL PORTER,

      Plaintiff,

vs.                                                   Case No. 5:16-cv-588-Oc-39PRL

POPE'S PRECISION PROJECTS, INC.
and THOMAS POPE,

      Defendants.
_____

## ORDER

**THIS CAUSE** is before the Court on the parties' Joint Motion for Approval of Settlement Agreement and to Dismiss Case With Prejudice, filed on November 4, 2016. (Doc. 8; Motion). Plaintiff initiated this action on September 26, 2016, seeking recovery of unpaid overtime compensation, plus liquidated damages and attorney's fees, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). (Doc. 1; Complaint). Plaintiff alleges that he "is approximately owed the following amount of damages: 39 weeks worked × $12.00 per hour × 0.5 × 8 hours of overtime per week × 2 (liquidated damages) = $3,744.00." Id. ¶ 20. In the Motion, the parties report that "Plaintiff is receiving all compensation due and owing him including liquidated damages," and that "Plaintiff's counsel's fee has been negotiated separately from that of Plaintiff's damages claim." Motion ¶¶ 3, 4. Attached to the Motion is a copy of the parties' Settlement Agreement, Waiver and Release of Claims ("Settlement Agreement"), which provides that Plaintiff is due to receive from Defendant a total of $3,744.00, and Plaintiff's attorneys will receive a total of $3,256.00, pursuant to the Settlement Agreement. (Doc. 8 at 4).

The provisions of the FLSA are mandatory, not subject to negotiation or bargaining between employers and employees, and not subject to waiver. See <u>Lynn's Food Stores, Inc. v. United States Dep't of Labor</u>, 679 F.2d 1350, 1352 (11th Cir. 1982). Therefore, if Plaintiff's claims have been compromised, the parties are required to submit the settlement for the Court's review as to whether the proposed settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. See <u>id.</u> at 1355.

The FLSA "contemplates that the wronged employee should receive his full wages plus the penalty [liquidated damages] without incurring any expense for legal fees or costs." <u>Silva v. Miller</u>, 307 F. App'x 349, 351 (11th Cir. 2009) (internal quotations and citations omitted). In this case, because Plaintiff sought and received both actual and liquidated damages, plus attorney's fees negotiated separately as provided by the FLSA, no judicial approval of the settlement is necessary. See <u>Bonetti v. Embarq Mgmt. Co.</u>, 715 F. Supp. 2d 1222, 1227 n.6 (M.D. Fla. 2009) ("If the parties submit a stipulation stating that the plaintiff's claims will be paid in full, without compromise, there is no need for the Court to review the settlement."); <u>King v. My Online Neighborhood, Inc.</u>, No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *3 (M.D. Fla. Mar. 7, 2007) ("Where the employer offers the plaintiff full compensation on his FLSA claim, no compromise is involved and judicial approval is not required."). Further, given that there has been no compromise of Plaintiff's claims, there is no reason to believe that the attorney fee portion of the settlement affected Plaintiff's recovery, and no reason to scrutinize the fee.[1] See <u>Bonetti</u>, 715 F. Supp.2d at 1226 n.6.

---

[1] The amount of fees and costs does not appear unreasonable on its face.

The parties further request that the Court retain jurisdiction "until December 10, 2016 to enforce the terms of the settlement." Motion at 2. The Court's decision whether to retain jurisdiction over the terms of settlement agreement is discretionary. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 381 (1994). The courts in the Middle District of Florida routinely decline such extraordinary requests. See, e.g., Ende v. Discovery Mktg. & Distrib., Inc., No. 6:09-cv-128-Orl-31GJK, 2009 WL 1405153, at *1 (M.D. Fla. May 19, 2009) (denying the parties' "extraordinary request" to retain jurisdiction to enforce the terms of the settlement agreement); see also Rastellini v. Amy Charles, Inc., No. 6:08-cv-255-Orl-28GJK, 2009 WL 2579316, at *4 (M.D. Fla. Aug. 17, 2009) (denying request for the court to retain jurisdiction because breach of the agreement would not involve a federal claim). Moreover, breaches of settlement agreements are generally matters of state law. See Kokkonen, 511 U.S. at 381 (holding that a party's effort to enforce a settlement agreement is a cause of action predicated on a "breach of a contract," with facts to be determined that are quite separate from the facts to be determined in the principal suit, and any connection with the principal suit does not provide "the basis for federal-court jurisdiction over the contract dispute."). Here, the Settlement Agreement provides that its terms shall be governed by the laws of the State of Georgia. (Doc. 8 at 6). For these reasons, the Court declines to retain jurisdiction over the enforcement of the parties' Settlement Agreement.

Accordingly, it is hereby

**ORDERED**:

1. The Joint Motion for Approval of Settlement Agreement and to Dismiss Case With Prejudice (Doc. 8) is **GRANTED IN PART AND DENIED IN PART** as follows:

   A. The Motion is **DENIED AS MOOT** to the extent the Motion requests approval of the parties' Settlement Agreement, Waiver and Release of Claims because no approval is required of Plaintiff's non-compromised claims.

   B. The Motion is **GRANTED** to the extent that the parties jointly request that this case be dismissed with prejudice.

   C. The Motion is **DENIED** to the extent that it requests that the Court retain jurisdiction to enforce the terms of the parties' Settlement Agreement, Waiver and Release of Claims.

  2. This case is **DISMISSED WITH PREJUDICE.**

  3. The Clerk is **DIRECTED** to close the file.

**DONE AND ORDERED** in Jacksonville, Florida, this 10th day of November, 2016.

            _____
            BRIAN J. DAVIS
            United States District Judge

jl

Copies furnished to:

Counsel of Record